FILED
2016 May-23  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **GARY THACKER** and **VENIDA L. THACKER**, | ) ) ) |
| Plaintiffs, | ) ) Civil Action Number |
| vs. | ) 5:15-cv-1232-AKK ) |
| **TENNESSEE VALLEY AUTHORITY**, | ) ) ) ) |
| Defendant. | |

## <u>ORDER</u>

  Gary Thacker and Venida L. Thacker bring this action against the Tennessee Valley Authority ("TVA") alleging negligence and wantonness arising from an accident that occurred on the Tennessee River in July 2013. *See generally* doc. 1. Specifically, the Thackers allege that they sustained injuries due to the TVA's negligence in supervising and training its employees, as well as its failure to implement policies instructing employees on the proper response to emergencies. Doc. 1. The TVA has moved to dismiss this complaint, doc. 11, contending that because the complaint concerns personal injuries arising out of the TVA's response to an emergency created during maintenance of its electrical power lines, this court lacks subject matter jurisdiction under the discretionary function doctrine.[1]

---

[1] The court also has for consideration the Defendant's Motion for Leave to File Excess Pages, doc. 18, which is **GRANTED**.

1

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(1) may be based upon either a facial or factual challenge to the complaint. *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty,* 501 F.3d 1244 (11th Cir. 2007). Where the challenge is facial, the court must merely "see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). By contrast, where the challenge is factual, as it is here, the existence of subject matter jurisdiction is considered irrespective of the pleadings, "and matters outside the pleadings, such as testimony and affidavits are considered." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) *(citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

The TVA is a "constitutionally authorized corporate agency and instrumentality of the United States." *Bobo v. AGCO Corp.,* 981 F. Supp. 2d 1130, 1137 (N.D. Ala. Oct. 29, 2013); *see also* 16 U.S.C. § 831 *et seq.* (1933). While the Thackers are correct that the TVA does not enjoy sovereign immunity, *see* 16 U.S.C. § 831c(b), they overlook that, "[w]hen TVA is engaged in a governmental function that is discretionary in nature, where the United States itself would not be liable, TVA cannot be subject to liability." *Hill v. Tenn. Valley Auth.,* 842 F. Supp. 1413, 1420 (N.D. Ala. 1993). *See also U.S. v. Smith*, 699 U.S. 160, 168 (1991) (noting that the TVA is "liable to suit in tort subject to certain exceptions."). Whether the TVA is entitled to the discretionary function exception depends on

two things: (1) whether the challenged act or omission violated a mandatory statute, regulation, or policy that allowed no judgment or choice; and (2) if the challenged conduct is discretionary, i.e., that there is no mandatory policy regarding a particular course of action, whether the conduct is the kind the discretionary function exception was designed to shield. *See U.S. v. Gaubert,* 499 U.S. 315, 322–3 (1991). Basically, "[f]or a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Id.* at 324–25. If a mandatory statute, regulation, or policy exists, then the discretionary function exception would not apply because "conduct cannot be discretionary unless it involves an element of judgment or choice." *Berkovitz by Berkovitz v. U.S.,* 486 U.S. 531, 536 (1988).

Turning to the allegations here, because the conduct is the TVA's response to an emergency that created a hazard to boaters on the Tennessee River, rather than a purported failure to carry out the mandate of its existing policy, doc. 1 at 3–7, the first part of the *Gaubert* discretionary test is satisfied. Moreover, as to the second part, it is axiomatic "that safety decisions represent an exercise of discretion giving rise to governmental immunity." *Johns v. Pettibone Corp.*, 843 F.2d 464, 467 (11th Cir. 1988). *See also Slappey v. U.S. Army Corps of Engineers*, 571 F. App'x 855, 860 (11th Cir. 2014) ("an agency's decision whether to warn, and how to warn, implicates policy concerns for purposes of the discretionary

3

function analysis."); *Monzon v. United States,* 253 F.3d 567, 572 (11th Cir. 2001) (decision whether to warn about rip currents is a discretionary function). Therefore, absent a policy mandating the manner in which the TVA should respond to water hazard emergencies,[2] doc. 12-1 at 3, the court finds that the TVA's actions in responding to the river incident here are clearly discretionary as they involve some judgment and choice. Accordingly, the court finds that the conduct here is the type that the discretionary function exception was designed to protect, and that the complaint is due to be dismissed for lack of subject matter jurisdiction. *Hughes v. United States,* 110 F.3d 765, 767 n.1 (11th Cir. 1997) (The court does not look to see "whether the allegations of negligence are true," but "whether the nature of the conduct involves judgment or choice and whether that judgment is of the kind that the exception was designed to protect.").

For these reasons, the TVA's motion to dismiss, doc. 11, is **GRANTED**, and this matter is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**DONE** the 23rd day of May, 2016.

                                         _____
                                         **ABDUL K. KALLON**
                                         UNITED STATES DISTRICT JUDGE

---

[2] The Thackers' complaint does not identify a statute, regulation, or mandate that TVA was required to follow and instead relies on the TVA's decision not to place warning flags or buoys in the area. Doc. 1 at 5–6.