FILED
2019 Jul-18 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15105

_____

D.C. Docket No. 5:15-cv-01232-AKK

GARY THACKER,
VENIDA L. THACKER,

                              Plaintiffs - Appellants,

versus

TENNESSEE VALLEY AUTHORITY,

                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 17, 2019)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before ED CARNES, Chief Judge, and ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

This case is before us on remand from the United States Supreme Court. In *Thacker v. Tennessee Valley Authority*, we held that the Tennessee Valley Authority ("TVA") was immune from suit, though its organic statute included a sue-and-be-sued clause, because a discretionary-function exception to liability under the Federal Tort Claims Act applied. 868 F.3d 979, 981-883 (11th Cir. 2017). The Supreme Court held that the TVA was not entitled to immunity on that basis and remanded the case to this Court. *Thacker v. Tennessee Valley Authority*, 139 S. Ct. 1435, 1440-41 (2019).

In remanding, however, the Supreme Court noted that that the TVA could be immune to the suit on the basis of "an implied restriction" on an organic statute's sue-and-be-sued clause. *Thacker*, 139 S. Ct. at 1441 (citation and quotation marks omitted). As the Court made clear, there are two steps to determining whether the TVA is immune on that basis. First, a court asks whether the alleged conduct was governmental or commercial. If the TVA's alleged conduct was "commercial—the kind of thing any power company might do—the TVA cannot invoke sovereign immunity," and that ends the inquiry, since the TVA would be "liable to the same extent as a private party." *Id.* at 1444. But if the TVA has been engaged in governmental activity, the court must consider a second question: whether immunity is nonetheless "necessary to avoid grave interference" with the performance of a

2

governmental function. *Id.* at 1444 (citation and quotation marks omitted). As the Supreme Court has explained, that standard sets a "high bar." *Id.* at 1443.

The district court has not had the opportunity to consider whether the TVA should be immune to this suit on the basis described in the Supreme Court's decision. We therefore remand the case to the district court to decide the question in the first instance.

**REMANDED.**