# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**GARY THACKER AND**
**VENIDA L. THACKER,**

      **PLAINTIFFS,**

**V.**	**CASE NO. 5:15-CV-01232**

**TENNESSEE VALLEY AUTHORITY,**

      **DEFENDANT.**

## PLAINTIFFS' OPPOSITION TO TENNESSEE VALLEY AUTHORITY'S MOTION FOR SUMMARY JUDGMENT[1]

    Gary and Venida Thacker, Plaintiffs, oppose Defendant Tennessee Valley Authority's ("TVA") Motion for Summary Judgment, and respectfully request this Honorable Court enter an order denying TVA's Motion. In support of their Opposition, Plaintiffs rely upon the evidentiary materials and Plaintiffs' Brief in Support of their Opposition, filed contemporaneously herewith.

    As grounds for this Opposition, Plaintiffs state that genuine disputed issues of material fact exist. First, TVA has not divulged crucial liability testimony of former TVA employee, Brad Cox. By this omission, TVA misleads the Court.

---

[1] Plaintiffs are separately filing their objections to certain evidence offered by TVA in support of its Motion for Summary Judgment. Plaintiffs ask the court to exclude the objectionable evidence or consider it only for the limited purposes indicated in Plaintiffs' objections.

Second, case law offered by TVA is distinguishable and the Alabama Recreational Use Statute ("ARUS") does not apply to the commercial activity of TVA involved in this lawsuit. Third, because the ARUS does not apply to the commercial activity of TVA, Plaintiffs are not charged with the burden of showing actual knowledge of the elements outlined in Ala. Code § 35-15-24 of the ARUS. Alternatively, disputed issues of material fact exist regarding TVA's actual knowledge of those elements. Fourth, the facts show that the downed line in the river was a hazard which was known to TVA, and that TVA had a duty to guard the unmarked hazard and warn recreational boats (or any river traffic) of its existence. Additionally, once it assumed the duty to guard/warn, TVA was required to fulfill that duty in a non-negligent fashion. Fifth, TVA can and should be held liable to a licensee when someone is injured by a downed power line. Last, under admiralty law, this case is subject to a comparative fault analysis, and therefore, is not like a typical Alabama contributory negligence analysis. Therefore, the Court must hear all the evidence to make the necessary findings of comparative fault.

  Because genuine issues of material facts exist, summary judgment in favor of TVA is not proper. Thus, Plaintiffs request that the Court DENY Defendant TVA's Motion for Summary Judgment.

  Respectfully submitted this 14th day of December 2020.

          /s/*Kenneth B. Cole, Jr.*
         Kenneth B. Cole, Jr. (ASB-0595-C56K)

                                        Attorney for Plaintiffs

                                /s/*Gary V. Conchin*
                                Gary V. Conchin (ASB-1263-C56G)
                                Attorney for Plaintiffs

OF COUNSEL:

CONCHIN COLE & JORDAN
2404 Commerce Court
Huntsville, Alabama 35801
Telephone: (256) 705-7777
Facsimile: (256) 705-7778
gary@alainjurylaw.com
kenny@alainjurylaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of December 2020, I have served a copy of the above and foregoing on counsel for all parties by U.S. Mail and/or the Court's ECF filing system which will send notice of this filing to all counsel of record.

David D. Ayliffe
Lane E. McCarty
Ibrahim M. Berro
Mark A. Mohr
TVA GENERAL COUNSEL'S OFFICE
400 West Summit Hill Drive
Knoxville, Tennessee 37 902-1 401
Telephone 865 .632.4239

                                        /s/ Kenneth B. Cole, Jr.
                                        Attorney for Plaintiffs